UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CAMERON LEIGH COTTON                                                   PLAINTIFF

V.                                            CIVIL ACTION NO. 3:21-CV-577-KHJ-MTP

PAUL EVANS WINFIELD; LINDA EVANS
WINFIELD; STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY; AND
JOHN DOES 1-10                                                        DEFENDANTS

ORDER

This action is before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Sever and Remand [3]. For the reasons below, the Court grants the motion.

Plaintiff Cameron Leigh Cotton filed a complaint in Hinds County Circuit Court for injuries sustained in a car accident with Defendant Paul Evans Winfield. Compl. [1-1] ¶¶ 10–13. Cotton alleges he was covered under State Farm's uninsured motorist policy at the time. *Id.* ¶¶ 20–27. The suit brings claims against Paul and Linda Winfield for negligence and State Farm for claims under the Uninsured Motorist policy. *Id.* ¶¶ 12–27. Cotton, Paul, and Linda are residents of Mississippi, while State Farm is an Illinois corporation. *Id.* ¶¶ 1–2; Not. of Rem. [1] ¶ 7. State Farm now seeks to sever and remand the Winfields from this case. Mot. to Sever & Remand [3]. Cotton did not respond by the September 23, 2021, response deadline. *See* L.U.Civ.R. 7(b)(4) (response is due 14 days after service of motion). The Court

entered a text order requiring him to respond by October 1, 2021 or to confess that the Court should grant State Farm's motion. Still, Cotton did not respond. Given this, the Court can grant State Farm's motion as unopposed. *Id.* at 7(b)(3)(E) ("If a party fails to respond to any motion, other than dispositive motion, the court may grant the motions as unopposed."). In any event, the Court decides State Farm's motion on the merits.

I.   Analysis

State Farm argues the doctrine of fraudulent misjoinder allows the Court to exercise diversity jurisdiction over it. [3]. It contends that severing the uninsured motorist policy claim from the negligence claims against the Winfields would create a separate civil action with complete diversity. *Id.* Because the amount-in-controversy exceeds $75,000, the Court could exercise diversity jurisdiction over Cotton's claim against State Farm, if severed. *See* 28 U.S.C. § 1332(a); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

Fraudulent misjoinder is a newer theory of fraudulent joinder, allowing courts to sever non-diverse defendants and remand them where joinder from the outset was improper. *Palermo v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 515, 524 (S.D. Miss. 2008) (compiling district court cases holding the Fifth Circuit has adopted fraudulent misjoinder doctrine). Indeed, removal jurisdiction in diversity cases is suitable only if "*properly* joined and served . . . defendants [are] citizen[s] of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

Fraudulent misjoinder doctrine requires the Court to determine whether misjoinder occurred. *See Palermo*, 542 F. Supp. 2d at 516. If "there is a *reasonable possibility* that [a] state court would find joinder proper," the Court should not find the misjoinder fraudulent. *Id.* at 524 (emphasis added). State law governs this misjoinder determination. *Id.*; *see also McManus v. State Farm Fire & Cas. Co.*, No. 1:09-cv-49-LG-RHW, 2009 WL 10676520, at *3 (S.D. Miss. Apr. 17, 2009).

Mississippi Rule of Civil Procedure 20 allows the joinder of defendants if "there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action." Miss. R. Civ. P. 20. The Supreme Court of Mississippi interprets Rule 20 to require a "distinct litigable event linking the parties." *Hegwood v. Williamson*, 949 So. 2d 728, 730 (Miss. 2007) (quoting *Wyeth-Ayerst Labs. v. Caldwell*, 905 So. 2d 1205, 1208 (Miss. 2005)). The *Hegwood* court dealt with a circuit court's refusal to sever a negligence claim against a driver from a bad-faith insurance claim against State Farm. *Id.* Applying the abuse of discretion standard, the Supreme Court of Mississippi found the claims to be distinct, litigable events, each requiring different evidence. *Id.* at 731. For these reasons, district courts have consistently found the Mississippi Rules of Civil Procedure do not permit joinder of insurance claims to underlying claims for negligence. *See, e.g.*, *Hampton v. Frost,* No. 3:15-cv-576-CWR-FKB, 2015 WL 11233043, at *2 (S.D. Miss. Sept. 24, 2015) (compiling cases); *Walker*

*v. Scales*, No. 1:13-CV-00227-SA-DAS, 2014 WL 670216, at *1 (N.D. Miss. Feb. 20, 2014) (severing negligence and an uninsured motorist claim).

Cotton's claim against State Farm is for breach of his uninsured motorist insurance contract, while his claim against the Winfields is for damages stemming from the accident. Mississippi law does not allow joinder of these cases. The Court finds the fraudulent misjoinder doctrine applicable here, and State Farm is entitled to severance. Because State Farm independently satisfies the conditions for diversity jurisdiction, the Court will retain jurisdiction over the claims against State Farm and remand claims against the local defendants.

II. Conclusion

Because Cotton "fraudulently misjoined" State Farm to the local defendants, the Motion to Sever and Remand [3] is GRANTED. Cotton's claims against the Winfields are severed and remanded to state court.

The Clerk of Court shall this day send a certified copy of this Order to the Circuit Court of Hinds County, Mississippi. Within 10 days, the parties remaining should contact the chambers of the Magistrate Judge to schedule a Case Management Conference.

SO ORDERED AND ADJUDGED this the 13th day of October, 2021.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE